IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHELLE SCHURG and DANIEL SCHURG,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Lead Case No.<br>CV 20–61–M–DWM<br><br>Member Case Nos.<br>CV 20–62–M–DWM<br>CV 20–63–M–DWM<br>CV 20–64–M–DWM<br>CV 20–65–M–DWM<br>CV 20–66–M–DWM<br>CV 20–67–M–DWM<br>CV 20–90–M–DWM<br><br>ORDER |

This action involves many consolidated cases arising out of the Lolo Fire ("the Fire"), which occurred during July and August 2017. The plaintiffs in each individual case are as follows: Michelle and Daniel Schurg, Beccie and Chad Miller, Jackie Lowe, Maureen and Larry Ernst, Joleen and Ronnie Harvie, Mark Stermitz, Michelle Stermitz, and Brian O'Grady. Collectively, plaintiffs in each case are referred to as "Plaintiffs," and Plaintiffs whose property included a residence are referred to as "the Residential Plaintiffs." Plaintiffs assert claims sounding in intentional tort and negligence against the United States Department of Agriculture and the United States Forest Service, collectively referred to as "the Government."

1

Plaintiffs' cases were consolidated in September 2020. (Doc. 9.)[1] Multiple motions for summary judgment are pending. (Docs. 17, 20, 29.) First, the Government seeks a grant of summary judgment in its favor on Plaintiffs' intentional tort claims. (Doc. 17.) Second, Plaintiffs seek a determination and judgment that the "discretionary function" affirmative defense grounded in the Federal Tort Claims Act ("FTCA")[2] is inapplicable to Plaintiffs' negligence claims, and Plaintiffs argue that, as a result, summary judgment in their favor is warranted on their negligence claims. (Doc. 20.) Finally, on the Government's cross-motion for summary judgment, it seeks summary judgment on all claims based on the discretionary function. (Doc. 29; *see also* Doc. 30.) The Government also filed a motion in limine to exclude evidence that it characterizes as relating to "negligent firefighting." (Doc. 36.) A hearing on the summary judgment motions was held January 26, 2022.

Ultimately, this case revolves around the discretionary function exception to the government's liability under the FTCA. The record and the Ninth Circuit's recent decision in *Esquivel v. United States*, 21 F.4th 565 (9th Cir. 2021), demonstrate that the discretionary function applies in this case. Accordingly, the

---

[1] All citations are to the lead case, 9:20-cv-61-M-DWM.
[2] 28 U.S.C. § 2680(a).

2

Government's motions for summary judgment are granted as to all Plaintiffs' claims.

In addition to the application of the discretionary function, Plaintiffs' intentional tort claims suffer from other infirmities. Plaintiffs' Claim II fails because there is no evidence in the record to show that the Plaintiffs suffered serious or severe emotional distress as required by the Montana Supreme Court in *Sacco v. High Country Independent Press*, 896 P.2d 411, 425 (Mont. 1995) and *Czajkowski v. Meyers*, 172 P.3d 94, 101 (Mont. 2007). Plaintiffs' Claim III fails because the Forest Service had a legal right to conduct firing operations on O'Grady's land, *see* Mont. Code Ann. § 76–13–104(1)(a), and the Residential Plaintiffs cannot show that the Forest Service ignited the fire that damaged their properties. *See Davis v. Westphal*, 405 P.3d 73, 81 (Mont. 2017). Similarly, Plaintiffs' Claim IV fails because O'Grady cannot show that the Forest Service's entry or fire operations were negligent or reckless,[3] and the Residential Plaintiffs' claims fail because they cannot show the Forest Service caused the fire on their properties. *See Olsen v. Milner*, 276 P.3d 934, 940 (Mont. 2012). Finally, Residential Plaintiffs' Claim V fails because the record does not show that the

---

[3] Even if O'Grady made such a showing, is well-settled that challenges to the method of fire suppression efforts fall within the discretionary function exception. *See, e.g., Miller v. United States*, 163 F.3d 591, 595 (9th Cir. 1998); *see also Esquivel v. United States*, 21 F.4th 565, 574 (9th Cir. 2021).

Forest Service intentionally exercised power or control over the properties but rather that the Forest Service actively tried to prevent the fire from spreading onto their properties. *See Associated Mgmt. Servs., Inc. v. Ruff*, 424 P.3d 571, 591 (Mont. 2018). Accordingly,

IT IS ORDERED that the Government's motions for summary judgment, (Docs. 17, 29), are GRANTED. The Plaintiffs' motion for summary judgment, (Doc. 20), is DENIED. A reasoned decision will follow in due course. Judgment in the favor of the Government will be entered at that time.

IT IS FURTHER ORDERED that the January 31, 2022 bench trial and all associated deadlines are VACATED.

IT IS FURTHER ORDERED that, in light of the above, the Government's motion in limine, (Doc. 36), and motion for leave to present remote testimony, (Doc. 45), are DENIED AS MOOT.

DATED this 27th day of January, 2022.

4:06 P.M.

_____
Donald W. Molloy, District Judge
United States District Court